## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MANUEL DE LA CRUZ VELASQUEZ
a/k/a ERASMO AMAYA
c/o 519 H Street NW
Washington, DC 20001

     Plaintiff,

v.

NEW JAPAN, INC.
d/b/a SUSHI TARO
1503 17th Street NW
Washington, DC 20036

NOBUHIRO YAMAZAKI
1718 P Street NW, Apt. 418
Washington, DC 20036

JIN YAMAZAKI
1718 P Street NW, Apt. 717
Washington, DC 20036

     Defendants.

Civil Action No. _____

## COMPLAINT

1.     Defendants own and operate Sushi Taro, a Michelin-starred restaurant in the Dupont Circle neighborhood of Washington, DC. Defendants did not pay Plaintiff overtime wages for his overtime hours, even after one of Plaintiff's coworkers sued Defendants for unpaid overtime wages in 2016. Moreover, in addition to not paying overtime wages, Defendants failed to pay Plaintiff "split shift" wages.

2.     Finally, even though Plaintiff worked to prepare food for patrons, Defendants did not provide him with legally required paid safe and sick leave. Defendants flagrantly ignored the health risks this posed to Defendants' staff and customers.

3.      Plaintiff brings this action to recover damages for Defendants' willful failure to pay over-time wages and "split shift" wages, and to provide safe and sick leave, pursuant to: the Fair La-bor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

**Jurisdiction and Venue**

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

6.      Plaintiff Manuel de la Cruz Velasquez is an adult resident of the District of Columbia. He is also known as Erasmo Amaya.

7.      Defendant New Japan, Inc. is a District of Columbia corporate entity. It does business as Sushi Taro. Its principal place of business is located at 1503 17th Street NW, Washington, DC 20036. Its registered agent for service of process is S and P Registered Agents, Inc., 1008 Penn-sylvania Avenue SE, Washington, DC 20003.

8.      Defendant Nobuhiro Yamazaki is an adult resident of the District of Columbia. He re-sides at 1718 P Street NW, Apt. 418, Washington, DC 20036. He is an owner and officer of De-fendant New Japan, Inc. He exercises control over the operations of New Japan, Inc. — includ-ing its pay practices.

9.     Defendant Jin Yamazaki is an adult resident of the District of Columbia. He resides at 1718 P Street NW, Apt. 717, Washington, DC 20036. He is an owner and officer of Defendant New Japan, Inc. He exercises control over the operations of New Japan, Inc. — including its pay practices.

10.    Defendants Nobuhiro Yamazaki and Jin Yamazaki are brothers.

## Factual Allegations

11.    Defendants own and operate the restaurant Sushi Taro, located at 1503 17th Street NW, Washington, DC 20036.

12.    Plaintiff worked at Sushi Taro from approximately 2009 through approximately March 6, 2020.

13.    Plaintiff worked at Sushi Taro as a kitchen laborer.

14.    Plaintiff's job duties at Sushi Taro primarily consisted of preparing food, cooking, and cleaning his workstation.

15.    Plaintiff typically and customarily worked an average of sixty hours per week.

16.    For example, from February 22–28, 2020, Plaintiff worked 61.84 hours. *See* Ex. A.

17.    At all relevant times, Defendants paid Plaintiff by the hour.

18.    Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Jan. 01, 2017–Dec. 31, 2018 | $16.00 |
| Jan. 01, 2019–Dec. 31, 2019 | $16.50 |
| Jan. 01, 2020–Mar. 06, 2020 | $17.00 |

19.    At all relevant times, Defendants paid Plaintiff in cash.

20.    At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

21.     At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

22.     Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

23.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff approximately $30,000.00 in overtime wages (excluding liquidated damages).

24.     Plaintiff always worked both lunch and dinner shifts on the same day, and Defendants often required him to take a lunch break in excess of one hour between these shifts.

25.     At all relevant times, Defendants were required to pay Plaintiff for one additional hour at the applicable minimum wage for each day he worked a "split shift." *See* 7 DCMR §§ 906.1, 999.2. *See also Arias v. United States Serv. Indus.*, 80 F.3d 509, 513 (D.C. Cir. 1996).

26.     Defendants never paid Plaintiff these "split shift" wages.

27.     During the three years prior to the filing of this complaint, Plaintiff worked approximately 750 "split shifts."

28.     Defendants owe Plaintiff an additional $10,000.00 (excluding liquidated damages) for their failure to provide him with "split shift" wages.

29.     Moreover, Defendants never provided Plaintiff de la Cruz Velasquez with paid safe and sick leave, as required by the ASSLA. D.C. Code § 32-131.02.

30.     The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

31.     At all relevant times, Defendants had at least twenty-five employees.

32.     In the three years prior to filing this complaint, Plaintiff lost wages because he was sick.

33.     For Defendants' failure to provide paid leave, Defendants owe Plaintiff approximately $2,048.00 in lost wages.

34.     Defendants should have provided Plaintiff with five days of paid safe and sick leave in 2017, 2018, and 2019, and one day of paid safe and sick leave in 2020, for a total of sixteen days.

35.     Defendants owe Plaintiff $8,000.00 — $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether he took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

36.     Defendant Nobohiro Yamasaki hired, or participated in the decision to hire, Plaintiff.

37.     Defendant Nobohiro Yamasaki fired, or participated in the decision to fire, Plaintiff.

38.     Defendant Nobohiro Yamasaki supervised Plaintiff and other employees of Sushi Taro who cooked and prepared food.

39.     Defendant Jin Yamasaki hired, or participated in the decision to hire, Plaintiff.

40.     Defendant Jin Yamasaki fired, or participated in the decision to fire, Plaintiff.

41.     Defendant Jin Yamasaki paid Plaintiff his cash wages.

42.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

43.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

44.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

45.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

46.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

47.     At all relevant times, Defendants were aware that they were required to pay Plaintiff "split shift" wages.

48.     At all relevant times, Defendants were aware that they were required to provide Plaintiff with paid safe and sick leave.

49.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

50.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

51.     At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

52.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

53.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

54.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

55.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

56.     Defendants' violations of the FLSA were willful.

57.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

**COUNT II**

**FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA**

58.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

59.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

60.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

61.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

62.     Defendants also violated the DCMWA by knowingly failing to pay Plaintiff one additional hour at the applicable minimum wage for days when he worked a "split shift".

63.     Defendants' violations of the DCMWA were willful.

64.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

## FAILURE TO PAY WAGES UNDER THE DCWPCL

65. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

66. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

67. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

68. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

69. For purposes of the DCWPCL, "wages" includes, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

70. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime and "split shift" wages.

71. Defendants' violations of the DCWPCL were willful.

72. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## COUNT IV

## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

73. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

74.     Each defendant was an "employer" of Plaintiff within the meaning of the ASSLA. D.C.

Code § 32-131.01.

75.     The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

76.     Defendants violated the ASSLA by not providing Plaintiff the required paid leave.

77.     For Defendants' violations of the ASSLA, Defendants owe Plaintiff $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

78.     For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**174,468.00**, and grant the following relief:

a.     Award Plaintiff $160,000.00, consisting of the following overlapping elements:

i.     unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

     ii.       unpaid overtime and "split shift" wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

     iii.      unpaid overtime and "split shift" wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.     Award Plaintiff $10,048.00, consisting of the following:

     i.       $2,048.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

     ii.       $8,000.00 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

c.     Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

d.     Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,020.00);

e.     Award Plaintiff court costs (currently, $400.00); and

f.     Award any additional relief the Court deems just.

Date: March 11, 2020                    Respectfully submitted,

                                        /s/ Justin Zelikovitz
                                        JUSTIN ZELIKOVITZ, #986001
                                        DCWAGELAW
                                        519 H Street NW
                                        Washington, DC 20001
                                        Phone: (202) 803-6083
                                        Fax: (202) 683-6102
                                        justin@dcwagelaw.com

                                        *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

                                        /s/ Justin Zelikovitz